GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* CENTRAL PASTO VIEJO, INC., DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2011.—Decided December 21, 1920.

EXECUTION—ASSIGNMENT—BURDEN OF PROOF.—Where a creditor obtains judgment against a debtor on a valid claim and in execution of the judgment finds that all of the property has been transferred to another, he may seize the property so transferred at his peril, and if in a contest with the transferee the creditor proves that on a certain date all of this property belonged to the debtor, then the burden is on the transferee to show that he acquired title to the property.

ID.—ID.—ID.—POSSESSION.—Mere possession by the transferee would not avail against the title in the debtor who is substituted by the creditor in the execution process. A creditor, however, need not proceed to judgment and execution, but may take the safer method of filing a complaint to subject the property in the hands of the transferee to the payment of the creditor's claim; and when the complaint is against the transferee and the plaintiff shows title to the property in his original debtor, then the burden is likewise on the transferee to show title in himself.

CORPORATION—RECEIVERSHIP—INSOLVENCY.—When a corporation purchases at a public auction ordered by a competent court all of the property of an insolvent corporation, according to certain conditions imposed by the court, and the evidence tends to show the performance of these conditions and the jurisdiction of the court, in the absence of an assumption by the new corporation of the debts of the insolvent corporation action against the former to recover a debt of the insolvent corporation can not prosper.

The facts are stated in the opinion.

*Mr. L. Muñoz Morales* for the appellant.

*Messrs. F. Soto Gras, A. Nava & Domínguez* and *R. Siaca González* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This was a case where from the record and briefs originally filed the court was not entirely satisfied whether the Central Pasto Viejo must not be considered either as the continuator of the Borinquen Sugar Company or responsible for all of the debts of the latter, so that we ordered a rehearing. We also wished to hear discussed the possible application of sections 1789 to 1794 of the Civil Code and hence whether or not the second company might be considered as an officious manager. The parties have not discussed the applicability of these sections and after a close examination we are satisfied that such an issue was not really involved in the pleadings nor raised in the court below, even if the facts justified the application of these questions.

The real question involved at the trial was stated in the eighth paragraph of the amended complaint, as follows:

"VIII. That by virtue of an order of the District Court of the United States for Porto Rico of June 23, 1915, issuing upon petition of the defendant corporation, Central Pasto Viejo, Inc., this corporation became the legal continuator of the Borinquen Sugar Company and under obligation to pay all the common and preferred claims against said Borinquen Sugar Company."

This allegation was denied by the defendant and in its answer it set up substantially that it had bought all the property of the Borinquen Sugar Company at a sale by public auction ordered by the District Court of the United States for Porto Rico, such sale being subject only to certain conditions which did not include the assumption of all the debts of the Borinquen Sugar Company, but the assumption only of certain debts under certain conditions as expressed in the orders of the said court and as made in the offer of the defendant to buy the said property and likewise as included in the plan of reorganization of the said Borinquen Sugar Company.

Where a creditor has a valid claim against a debtor and

obtains judgment against him and in execution of the judgment he finds all of the property has been transferred to another he may at his peril seize the goods so transferred. If in a contest with the transferee the creditor proves that on a certain date all of this property was the property of the debtor, then the burden is on the transferee to show that he acquired title to the property. The mere possession by the transferee would not avail against the title in the debtor who is substituted in the execution process by the creditor. A creditor, however, need not proceed to judgment and execution, but may take the safer method of filing a complaint to subject the property in the hands of the transferee to the payment of the creditor's claim, as was done in this case. When the complaint is against the transferee and the complainant shows title to the property in his original debtor, then the burden is likewise on the transferee to show title in himself, as was done, or attempted to be done, by the defendant here. Whether or not the mere proof of the order of a competent court introduced in evidence, showing the existence of a receivership and the sale of the properties under the orders of that court, is sufficient to transfer the title to the property or change the burden of proof we need not discuss extensively. At the hearing the defendant stoutly maintained that to say otherwise would be to attack the orders of the United States Court for Porto Rico. Suffice it to say that even if the existence of proceedings in a court are alleged, we are inclined to believe that a transferee must show the due process of law and fact by which the property was taken away from the debtor and put in the hands of a third person. We are, however, inclined to believe that the defendant met this burden and overcame it in this case.

We should have been a little clearer in our apprehension of the case if the defendant had shown us the pleadings in the United States District Court for Porto Rico, so we might know more definitely how and to what extent that court ac-

quired jurisdiction over the property of the Borinquen Sugar Company.

Various orders and reports filed in the United States District Court for Porto Rico were introduced in evidence at the trial of this case. While this evidence was not as full as it might have been and it would have been better to file the pleadings as filed in that court, yet the court below was justified in finding that the District Court of the United States for Porto Rico acquired jurisdiction over the property of the Borinquen Sugar Company in a mortgage foreclosure proceeding, which also partook of the nature finally of a general creditor's bill. Moreover, in favor of the jurisdiction of the United States District Court over said assets is the fact that the complainant in the court below neither questioned nor challenged the jurisdiction of the said United States District Court.

What the amended complaint did set up was that the defendant had assumed to pay all the debts of the Borinquen Sugar Company. On this point the facts are as follows: While these foreclosure proceedings were pending in the United States District Court certain stockholders and creditors got together and organized a new company which undertook to buy all the assets of the Borinquen Sugar Company on a basis of distribution determined which should be satisfactory to the parties actually before the court and to the court itself. The property, however, was ordered to be sold at public auction by the receiver. It was actually so sold, the highest bidder being the defendant, who paid a certain amount into court and assumed to pay certain preferred debts, and wholly or ratably to pay certain common debts up to a certain amount, the said amount being a part of the total purchase price for the assets of the Borinquen Sugar Company. To share in the distribution of this fund all the common creditors were to present their claims in court within a given time. The appellant in this case was

notified and did not come in, but the mere notice to him would not have affected his right to follow the property if the Central Pasto Viejo had not acquired title to it by due proceedings. We do not find that the contention of the complainant in his eighth paragraph was justified by the proof. The defendant paid a certain price for the property, partly made up of a direct payment into court and partly of the assumption of the payment of certain fixed debts. The said defendant never assumed the payment of all the debts of the Borinquen Sugar Company, although there are words here and there in the orders and proceedings that seem to look to that purpose. Actually, the defendant only undertook to pay as part of the purchase and up to a definite limit the common creditors who came into court with their claims.

The judgment must be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.